BURGHER GRAY LLP
James Bulger
1350 Broadway, Suite 406
New York, NY 10018
(646) 513-3231
jbulger@burghergray.com

AVILA RODRIGUEZ HERNANDEZ MENA & FERRI LLP
Alcides I. Avila
2525 Ponce de Leon Blvd., PH 1225
Coral Gables, Florida 33134
(305) 779-3560
aavila@arhmf.com

*Counsel for Bankia, S.A., Bankinter, S.A. and Unicaja Banco, S.A.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X
In re:

QUIMERA RESTAURANT GROUP LLC                          Chapter 7
                                                      Case No.: 18-41986-cec
                                    Debtor.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X
DAVID J. DOYAGA, SR., AS TRUSTEE OF THE
ESTATE OF QUIMERA RESTAURANT GROUP LLC
                                                      Adv. Pro. No.: 20-01042-cec
                                    Plaintiff,

             -against-

BANKIA, S.A.,
BANKINTER, S.A.,
UNICAJA BANCO, S.A.,
HECTOR SANZ IZQUIERDO,
FRANCISCO SANZ GARCIA, AND
MARIA DOLLY IZQUIERDO JIMENEZ,

                                    Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

   Defendants Bankia, S.A. ("Bankia"), Bankinter, S.A. ("Bankinter") and Unicaja Banco,

S.A. ("Unicaja" and together with Bankia and Bankinter, the "Defendants") by and through their

attorneys, Burgher Gray LLP and Avila Rodriguez Hernandez Mena & Ferri LLP through this Answer and Affirmative Defenses (this "Answer") to the Complaint (the "Complaint") filed by Plaintiff, David J. Doyaga, Sr., as Trustee of The Quimera Restaurant Group LLC (the "Plaintiff") in the above captioned adversary proceeding, respectfully state and allege as follows:

## PRELIMINARY STATMENT

This paragraph of the Complaint is a recital of the nature of the action and statements and conclusions of law to which no response is required. To the extent that a response may be required, this allegation is denied.

## PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 of the Complaint, and therefore deny same.

2.      Defendant Bankia admits the allegations asserted in paragraph 2 of the Complaint.

3.      Defendant Bankinter admits the allegations asserted in paragraph 3 of the Complaint.

4.      Defendant Unicaja admits the allegations asserted in paragraph 4 of the Complaint.

5.      Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 5 of the Complaint.

6.      Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 6 of the Complaint.

7.      Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 7 of the Complaint.

## JURISDICTIONAL PREDICATE

8.      The allegations asserted in paragraph 8 of the Complaint contain statements, conclusions of law and citations of law to which no response is required. To the extent that a response may be required, the allegations are denied.

9.      The allegations asserted in paragraph 9 of the Complaint contain statements, conclusions of law and citations of law to which no response is required. To the extent that a response may be required, the allegations are denied.

10.     The Defendant admits the allegations asserted in paragraph 10 of the Complaint.

11.     Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 11 of the Complaint.

12.     Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint.

13.     The allegation asserted in paragraph 13 of the Complaint is a statement and recital as to the Debtor's consent to entry of final orders and judgment by this Court if the Court determines that the causes of action in the Complaint in the action are not core for which no response is required. By way of response, Defendants do not consent to entry of final judgment by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **FACTS**

14.     The allegations in paragraph 14 of the Complaint purport to cite or summarize publicly filed documents or the history of the Debtor's bankruptcy case. To the extent that a response is required, the Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 of the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation asserted in paragraph 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation asserted in paragraph 18, except that Bankia and Bankinter admit that they received certain transfers from Debtor, but the Transfers were primarily for deposit into an account of Debtor. Defendant Unicaja denies that it received any transfers from Debtor. To the extent that a further response may be required, the remaining allegations are denied.

19.     With respect to the allegation asserted in paragraph 19 of the Complaint, Defendant Bankia and Defendant Bankinter admit that they received the wire transfers reflected beside their respective names in paragraph 19, but the Transfers were primarily for deposit into an account of Debtor. Defendant Unicaja lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 of the Complaint.

20.     Defendant Bankia admits the allegation in paragraph 20 of the compliant, but the Transfers were primarily for deposit into an account of Debtor. Defendants Bankinter and Unicaja lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 of the Complaint.

21.     Defendant Bankinter admits the allegation in paragraph 21 of the complaint, but the Transfers were primarily for deposit into an account of Debtor. Defendants Bankia and Unicaja lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21 of the Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22 of the Complaint, except that Defendant Bankia admits having received the euro equivalent of $267,968.99 in transfers, but primarily for deposit into an account of debtor at Bankia; and  Bankinter admits having received the euro equivalent of

$48,945.40 in transfers, but primarily for deposit into an account of Debtor at Bankinter. To the extent that a further response may be required, the remaining allegations are denied.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23 of the Complaint, except that the total of the alleged Aggregate Identified Transfers and Aggregate Unidentified Transfers listed in paragraphs 19 and 22 total $424,067.88. To the extent that a further response may be required, the remaining allegations are denied.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25 of the Complaint, except that Defendant Bankia admits that debtor received a loan from Bancaja. To the extent that a further response may be required, the remaining allegations are denied.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26 of the Complaint, except that Bankia admits that it restructured the original loan debtor received from Bancaja. To the extent that a further response may be required, the remaining allegations are denied.

27.     Defendant Bankinter admits the allegation in paragraph 27, except that the real property securing the line of credit is located in Soria, Spain. Defendants Bankia and Unicaja lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

28.     Defendant Bankinter admits the allegation in paragraph 28, except that the real property securing the refinancing is the same one mentioned in paragraph 27 and is located in Soria, Spain. Defendants Bankia and Unicaja lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30 of the Complaint, except that Unicaja admits it extended a loan to Calle Catorce, LLC with Hector, Francisco and Maria as guarantors. To the extent that a further response may be required, the remaining allegations are denied.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33 of the Complaint, except that Bankia denies the allegations in paragraph 33. To the extent that a further response may be required, the remaining allegations are denied.

34.     The allegations asserted in paragraph 34 of the Complaint contain statements, conclusions of law and citations of law to which no response is required. To the extent that a response may be required, the allegations are denied.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35 of the Complaint, except that Unicaja denies the allegations in paragraph 35. To the extent that a further response may be required, the remaining allegations are denied.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 36 of the Complaint, except that the Transfers received by Defendants Bankia and Bankinter were for deposit into accounts of debtor. To the extent that a further response may be required, the remaining allegations are denied.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 37 of the Complaint, except that the Transfers received by Defendants Bankia and Bankinter were for deposit into accounts of debtor. To the extent that a further response may be required, the remaining allegations are denied.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 38 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 39 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

41.     Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 41 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273

42.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

43.     The allegations asserted in paragraph 43 of the Complaint state conclusions of law to which no response is required. To extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 43 of the Complaint. To the extent that a further response may be required, the remaining allegations are denied.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 44 of the Complaint. To the extent that a response may be required, the remaining allegations are denied.

45.     Defendants deny the allegations in paragraph 45 of the Complaint that the Debtor did not receive any consideration or fair consideration, to the extent the allegation includes indirect benefit or other value received. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 45 of the Complaint.

46.     Defendants Bankia and Bankinter admit the allegations asserted in paragraph 46 of the Complaint but only to the extent that such transfers reduced obligations owed by Debtor to certain Defendants, and except that any such benefit was diminished to the extent that Defendants, among other things, incurred costs and expenses that it would not have incurred if the transfers had not been made and to the extent the Defendant was a conduit for a portion of such transfers. To the extent a further response is required, Defendants deny the allegations asserted in paragraph 46 of the Complaint. Defendant Unicaja denies that it received any transfers from the Debtor.

47.      The allegations asserted in paragraph 47 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 47 of the Complaint.

48.      The allegations asserted in paragraph 48 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 48 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION UNDER SECTION 278

## OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF BANKRUPTCY CODE

49.      Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

50.      The allegations in paragraph 50 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 50 of the Complaint.

51.      With respect to allegations asserted in paragraph 51 of the Complaint, Defendants Bankia and Bankinter admit that they received some benefit for transfers they received but that such benefit was in an amount less than $424,067.88, and that they only benefited to the extent that such transfers reduced obligations owed by Debtor to certain Defendants. Defendant Unicaja denies that it received any of the transfers. Defendants Bankia and Bankinter, among other things, incurred costs and expenses that it would not have incurred if the transfers had not been made. Defendants Bankia and Bankinter also did not receive benefit to the extent that Defendant was a conduit for a portion of such transfers. To the extent a further response is required, Defendants deny the allegation asserted in paragraph 51 of the Complaint.

52.     The allegations in paragraph 52 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 52 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO DEBTOR AND

## CREDITOR LAW SECTION 275 AND SECTION 544(b) OF BANKRUPTCY CODE

53.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, except Defendants deny that the Debtor did not receive fair consideration for any transfers that it received. To the extent that a further response is required, Defendants deny the allegation asserted in paragraph 54 of the Complaint.

55.     The allegations asserted in paragraph 55 of the Complaint state conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations asserted in paragraph 55 of the Complaint.

56.     The allegations asserted in paragraph 56 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 56 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

## PURSUANT TO SECTIONS 275 & 278 OF DEBTOR AND CREDITOR LAW

## AND SECTION 550 OF THE BANKRUPTCY CODE

57.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

58.     The allegations asserted in paragraph 58 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the

allegations asserted in paragraph 58 of the Complaint.

59.     With respect to allegations asserted in paragraph 59 of the Complaint, Defendants Bankia and Bankinter admit that they received some benefit for transfers they received but that such benefit was in an amount less than $424,067.88, and that they only benefitted to the extent that such transfers reduced obligations owed by Debtor to certain Defendants. Defendant Unicaja denies that it received any of the transfers. Defendants Bankia and Bankinter, among other things, incurred costs and expenses that it would not have incurred if the transfers had not been made. Defendants Bankia and Bankninter also did not receive benefit to the extent that Defendant was a conduit for a portion of such transfers. To the extent a further response is required, Defendants deny the allegation asserted in paragraph 59 of the Complaint.

60.     The allegations asserted in paragraph 60 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 60 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO DEBTOR AND CREDITOR LAW SECTION 276 AND SECTION 544(b) OF BANKRUPTCY CODE

61.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 62 of the Complaint.

63.     The allegations asserted in paragraph 63 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 63 of the Complaint.

64.     The allegations asserted in paragraph 64 of the Complaint state conclusions of law to

which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 64 of the Complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO 276 & 278 OF**

**DEBTOR AND CREDITOR LAW AND SECTION 550 OF THE BANKRUPTCY CODE**

65.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

66.     The allegations asserted in paragraph 66 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 66 of the Complaint.

67.     With respect to allegations asserted in paragraph 67 of the Complaint, Defendants Bankia and Bankinter admit that they received some benefit for transfers they received but that such benefit was in an amount less than $424,067.88, and that they only benefitted to the extent that such transfers reduced obligations owed by Debtor to certain Defendants. Defendant Unicaja denies that it received any of the transfers. Defendants Bankia and Bankinter, among other things, incurred costs and expenses that it would not have incurred if the transfers had not been made. Defendants Bankia and Bankinter also did not receive benefit to the extent that Defendant was a conduit for a portion of such transfers. To the extent a further response is required, Defendants deny the allegation asserted in paragraph 67 of the Complaint.

68.     The allegations asserted in paragraph 68 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 68 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

## UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

69.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

70.     The allegations asserted in paragraph 70 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 70 of the Complaint.

71.     The allegations asserted in paragraph 71 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 71 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

72.     Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

73.     With respect to allegations asserted in paragraph 73 of the Complaint, Defendants Bankia and Bankinter admit that they received some benefit for transfers they received but that such benefit was in an amount less than $424,067.88, and that they only benefitted to the extent that such transfers reduced obligations owed by Debtor to certain Defendants. Defendant Unicaja denies that it received any of the transfers. Defendants Bankia and Bankinter, among other things, incurred costs and expenses that it would not have incurred if the transfers had not been made. Defendants Bankia and Bankinter also did not receive benefit to the extent that Defendant was a conduit for a portion of such transfers. To the extent a further response is required, Defendants deny the allegation asserted in paragraph 73 of the Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, except that Defendant provided value for the

Transfers. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 74 of the Complaint.

75. Defendants deny the allegations asserted in paragraph 75 of the Complaint. Defendants Bankia and Bankinter provided value for the Transfers it received and incurred costs and expenses that it would not have incurred if the transfers had not been made. Further, to the extent that these Defendants were a conduit for the Transfers, these Defendants were not unjustly enriched by the Transfers. Defendant Unicaja denies that it received any of the Transfers.

76. The allegations asserted in paragraph 76 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 76 of the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION

## UNDER SECTION 548 OF THE BANKRUPTCY CODE

77. Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

78. The allegations asserted in paragraph 78 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 78 of the Complaint.

79. Defendants Bankia and Bankinter admit they received a portion of the Transfers but the majority of the Transfers were to accounts maintained by the Debtor in Spain and did not benefit the Defendants. Unicaja denies it received any of the Transfers. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 79 of the Complaint.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 80 of the Complaint.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 81 of the Complaint.

82. The allegations asserted in paragraph 82 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 82 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION

## PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

83. Defendant restates and incorporates its responses to the prior allegations as if fully set forth at length herein.

84. The allegations asserted in paragraph 84 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 84 of the Complaint.

85. Defendants Bankia and Bankinter admit they received some benefits from the Transfers, but in an amount less than $212,928.72, since most of the Transfers were to accounts in the name of Debtor in Spain. Unicaja denies that it received any of the Transfers. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 84 of the Complaint.

86. The allegations asserted in paragraph 86 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations asserted in paragraph 86 of the Complaint.

## RESERVATION OF RIGHTS

87. Paragraph 87 of the Complaint states assertions and legal conclusions that do not require a response. Defendants insist that Plaintiff comply with all applicable rules from the Federal Rules of Bankruptcy Procedure regarding any amendments to the Complaint, and Defendant reserves any and all rights to answer, object or otherwise respond to a later amendment to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is factually deficient and does not meet the federal pleading standards set forth in *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and subsequent cases.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to plead insolvency of the Debtors with the requisite level of detail and specificity required for claims or causes of action arising under 11 U.S.C. §§ 544 or 548, and New York Debtor and Creditor Law and is not entitled the presumption of insolvency.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief purported to be set forth therein, is barred because the conduct complained of was taken in good faith and/or based upon independent, legitimate business judgment and economic justification.

### FOURTH AFFIRMATIVE DEFENSE

While the Defendants deny all wrongdoing, fault and liability, Defendants did not authorize, direct, control, approve, cause and/or was not aware of some or all of the conduct alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint does not constitute a proximate cause of Plaintiff's alleged injuries or damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the superseding cause of any injury allegedly sustained by the Plaintiff is the Plaintiff's own conduct, or the conduct of others, for which Defendants are not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

While denying all allegations of wrongdoing, fault or liability, the Defendants are entitled to a reduction of any damage award in the event Plaintiff settles with any other defendant.

## EIGHTH AFFIRMATIVE DEFENSE

While Defendants deny that Plaintiff is entitled to any recovery whatsoever, to the extent that Plaintiff's alleged injuries or damages were caused, in whole or in part, by parties other than Defendants, including any third parties who are not parties to this action, liability shall be apportioned according to fault.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no privity of contract between Defendants and Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain one or more of the claims asserted in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or in pari delicto.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute(s) of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the existence of an intervening or supervening cause that damaged Plaintiff's business.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, in whole or in part, any alleged injuries or damages that it suffered.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any legally cognizable damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or in part by the doctrines of setoff and/or recoupment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or in part by the doctrine of substance over form with respect to cash management practices.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

All payments received by Defendants from the Debtor were made for reasonably equivalent value and in good faith.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All payments received by Defendants from the Debtor which the Plaintiff seeks to avoid and recover are non-avoidable transfers under the Bankruptcy Code, New York Debtor and Creditor Law and/or other applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants deny the allegations in the Complaint to the extent that the Defendants have a conduit defense or earmarking defense.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b), New York Debtor and Creditor Law, and other applicable law by reason that the Defendants, to the extent it received any Transfers, received the alleged transfers for value, in good faith and without knowledge of the avoidability of the alleged transfers.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred, in whole or in part, by reason that, to the extent that the Defendants received any Transfers, the Defendants were at all times a good faith transferee for reasonably equivalent value pursuant to 11 U.S.C. § 548(c), New York Debtor and Creditor Law and other applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred, in whole or in part, by reason that the Defendants lacked actual knowledge of fraud, misappropriation, intent to hinder or delay or any other misconduct on the part of the Debtor and/or anyone acting by, through, for or against it.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

All payments received by Defendants from the Debtor which the Plaintiff seeks to avoid and recover were authorized by contract, the provisions of the Bankruptcy Code, by the Court, and/or by

other applicable law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

All payments received by Defendants from the Debtor were made without any knowledge by the Defendants of the potential voidability of such payments.

### THIRTIETH AFFIRMATIVE DEFENSE

All payments received by Defendants from the Debtor which the Plaintiff seeks to avoid and recover were in exchange for direct and/or indirect benefit to the Debtor.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant Unicaja is entitled to the defense that there is no allegation that Defendant Unicaja received any transfers from the Debtor.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to all defenses under, *inter alia*, 11 U.S.C. §§ 544, 548-550, New York Debtor and Creditor Law §§273-278, and other applicable law, and to require Plaintiff to prove each and every element of Plaintiff's causes of action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

There may be additional defenses, including, but not limited to, those set forth in Rule 8(c) of the Federal Rules of Civil Procedure, which Defendants reserves its right to raise and rely upon.

---

Defendants' Answer and Affirmative Defenses are based on currently available information. Defendant explicitly reserves the right to revise, amend and/or supplement its Answer and/or Affirmative Defenses during the course of this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully requests that the Court enter judgment in its favor dismissing the Complaint in its entirety as against Defendants, and each of them. with prejudice, and granting Defendants and each of them such other and further relief as the Court deems just and proper.

Dated: June 29, 2020

**BURGHER GRAY LLP**

By:  /s/ James Bulger
James Bulger
1350 Broadway, Suite 406
New York, NY 10018
(646) 513-3231
jbulger@burghergray.com
*Counsel for Bankia, S.A., Bankinter, S.A. and Unicaja Banco, S.A.*